IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OTIS COBB, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-23-2353 |
| WARDEN, | * | |
| Respondent. | * | |

***

# MEMORANDUM OPINION

Petitioner Otis Cobb, who is incarcerated at Baltimore Central Booking and Intake Center ("BCBIC"), filed documents with the Court which were construed as a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Cobb also filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) which is granted.

Cobb states that he was arrested on July 31, 2023 for attempted murder, first degree assault and related charges.[1] (Habeas Pet. at 2, ECF No. 1). He states that he is being held without bail. (Id.). He asks that bond be set so that he can be released on a monetary bond. (Id. at 4).

Review of the Baltimore City Circuit Court docket[2] as it pertains to Cobb reveals that he has been charged with attempted first degree murder, attempted second degree murder, first and second degree assault, use of a deadly weapon, and reckless

---

[1] The Petition was directed to this Court but the forms used by Cobb are for seeking a bail review in state court.

[2] Available at http://casesearch.courts.state.md.us/casesearch/.

endangerment. See State v. Cobb, Crim. Case 123237025 (Balt. City Cir. Ct. 2023). Cobb is due to be arraigned on September 22, 2023. He has not filed a petition for writ of habeas corpus or request for bail review in the Circuit Court.

The Petition may not proceed. Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by the federal court. See Dickerson v. Louisiana, 816 F.2d 220, 224-26 (5th Cir. 1987). Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. See Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Here, at the time of filing, Cobb had not exhausted his available state court remedies because he did not file a petition for writ of habeas corpus in state court as he was authorized to do. See generally Md. Code Ann., Cts. & Jud. Proc. §§ 3-701, 3-707; Md. Rule 15-303(b).

Further, special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. See Moore v. DeYoung, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); Drayton v. Hayes, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); see also Younger v. Harris, 401 U.S. 37 (1971). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial of the merits or by

other state procedures available for review of the claim. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-90 (1973).

Cobb fails to demonstrate that he has exhausted state court remedies or that special circumstances exist that justify the intervention of this Court. Rather, this appears to be an ordinary case involving a criminal defendant who is dissatisfied with his state bail. Cobb may request a bail review in the state court or file a petition for writ of habeas corpus in state court.

Lastly, to the extent Cobb seeks mandamus relief by asking this Court to direct the state court to take some action in his state proceedings, such relief is not available. This Court does not have jurisdiction over State employees in an action for writ of mandamus. Gurley v. Superior Court of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969), see also 28 U.S.C. § 1361. Additionally, a writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. See Kerr v. U.S. Dist. Court for N. Dist. Of Cal., 426 U.S. 394, 403 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (mandamus is only available if plaintiff has no other adequate means to attain relief); Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380 (2004) (discussing appellate court jurisdiction to issue mandamus to enforce District Court judgment); see also South Carolina v. United States, 907 F.3d 742 754-55 (4th Cir. 2018) (discussing requirements for mandamus relief to issue). Assuming that the remedy sought by Cobb is available in a state forum, it does not appear that Cobb has even attempted to address his complaint with the State courts and, as a matter of comity, this

Court will not intervene in a matter that the State courts have not had an opportunity to address. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987).

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his petition absent issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(1) (Unless a circuit justice of judge issues a certificate of appealability, an appeal may not be taken from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or . . . the final order in a proceeding under section 2255"). A certificate of appealability must be considered in this case because the Petition challenges a detention arising out of State court process.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Cobb fails to meet this standard and the Court declines to issue a certificate of appealability. Cobb may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

For the foregoing reasons, the Petition is dismissed and a certificate of appealability will not issue. A separate Order follows.

Entered this 29th day of September, 2023,

                                                /s/
                                 George L. Russell, III
                                 United States District Judge